IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

GUY MAZAIWANA,
               Plaintiff,

v.                                                                          Civil Action No. 3:19-cv-444

PROGRESSIVE NORTHERN INSURANCE
COMPANY,
               Defendant.

## **OPINION**

Guy Mazaiwana sought coverage for damages to his truck from his insurance provider, Progressive Northern Insurance Company ("Progressive"). Progressive denied the claim. Mazaiwana has now sued Progressive, arguing that Progressive's failure to cover the claim amounted to a breach of its insurance contract with Mazaiwana. Mazaiwana also contends that Progressive discriminated against him based on his national origin and minority status, and that Progressive's business practices discriminate against minorities in general. Progressive has moved to dismiss the complaint for failure to state a claim. Because Mazaiwana fails to state a plausible claim for relief, the Court will grant Progressive's motion to dismiss. The Court will dismiss Mazaiwana's breach of contract claim without prejudice and will grant him leave to file an amended complaint as to that claim. The Court, however, will dismiss Mazaiwana's remaining claims with prejudice.

## **I. FACTS ALLEGED IN THE COMPLAINT**

Mazaiwana bought an insurance policy from Progressive to cover damages to his truck. Mazaiwana allowed a third party, Jude Odeh, to drive his truck. After Odeh got into an accident while driving the truck, Mazaiwana asked Progressive to cover the damages resulting from the accident.

Pursuant to its practice to investigate all claims made on policies less than one year old, Progressive assigned an agent to investigate Mazaiwana's claim. The agent interviewed Mazaiwana and Odeh. Mazaiwana alleges that the agent asked "leading questions [that] were formulated to . . . deny [the] claim." (Compl. ¶¶ 15-16.) Although Mazaiwana told the agent that Odeh does not speak English and would require an interpreter for the interview, the agent interviewed Odeh without an interpreter. Odeh "informed [Mazaiwana] that he did not understand what [the agent] was asking" and that the agent had misunderstood his statements. (*Id.* ¶¶ 19-20.) Progressive eventually denied Mazaiwana's claim.

Mazaiwana then filed a complaint with the Virginia Bureau of Insurance ("VBI"). In its response to the VBI complaint, Progressive gave three reasons for denying Mazaiwana's claim: (1) Odeh lacked permission to drive the truck, (2) Odeh should have been listed on Mazaiwana's policy because he lived with Mazaiwana, and (3) the truck "was used for livery and conveyance." (*Id.* ¶¶ 23-25.) Mazaiwana alleges that Progressive gave false reasons to the VBI to justify denying his claim. He contends that Progressive denied his claim based on "malice and bad faith" and its "pattern of denying claims from minorities and immigrants." (*Id.* ¶¶ 59, 60.) Mazaiwana seeks five million dollars "for punitive damages [and] pain and suffering resulting from [Progressive's] malicious claim denial." (*Id.* at 8.)[1]

## II. LEGAL STANDARD

Progressive has moved to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). A Rule 12(b)(6) motion gauges the sufficiency of a complaint without

---

[1] Mazaiwana alleges that he is a Virginia citizen and that Progressive is a Wisconsin citizen for purposes of the Court's subject matter jurisdiction. Because this action is between citizens of different states and the amount in controversy exceeds $75,000, the Court has diversity jurisdiction over this case. *See* 28 U.S.C. § 1332(a)(1).

resolving any factual discrepancies or testing the merits of the claims. *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992). In considering the motion, a court must accept all allegations in the complaint as true and must draw all reasonable inferences in favor of the plaintiff. *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 253 (4th Cir. 2009) (citing *Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999)). The principle that a court must accept all allegations as true, however, does not extend to legal conclusions. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). To survive a Rule 12(b)(6) motion to dismiss, a complaint must state facts that, when accepted as true, state a plausible claim for relief. *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). When the plaintiff appears pro se, as Mazaiwana does here, courts do not expect him to frame legal issues with the clarity and precision expected from lawyers. Accordingly, courts construe pro se complaints liberally. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). This principle, however, has limits. *Id.* Courts do not need to discern the unexpressed intent of the pro se plaintiff or take on "the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Id.*

## III. DISCUSSION

Applying the principles of liberal construction, Mazaiwana's complaint raises the following claims[2]: breach of contract (Count One); disparate impact (Count Two); and discrimination pursuant to 42 U.S.C. § 1981 (Count Three).

### A. *Count One: Breach of Contract*

In Count One, Mazaiwana asserts a breach of contract claim based on Progressive's decision to deny his insurance claim.[3] "Under Virginia law '[t]he elements of a breach of contract action are (1) a legally enforceable obligation of a defendant to a plaintiff; (2) the defendant's violation or breach of that obligation; and (3) injury or damage to the plaintiff caused by the breach of obligation.'" *W. Insulation, LP v. Moore*, 316 F. App'x 291, 297 (4th Cir. 2009) (quoting *Filak v. George*, 267 Va. 612, 594 S.E.2d 610, 614 (2009)).

Mazaiwana fails to allege facts showing that Progressive breached a legally enforceable obligation. Mazaiwana's allegations indicate that he had an insurance policy with Progressive at the time of Odeh's accident, which presumably gave rise to a legally enforceable obligation. Mazaiwana, however, did not attach a copy of the policy to his complaint or cite any provisions of

---

[2] In his response to the motion to dismiss, Mazaiwana asserts new facts that do not appear in his complaint. Because a plaintiff's "complaint may not be amended by the briefs in opposition to a motion to dismiss," *State Farm Mut. Auto. Ins. Co. v. Slade Healthcare, Inc.*, 381 F. Supp. 3d 536, 573 (D. Md. 2019), the Court will not consider facts outside the complaint.

[3] Mazaiwana asserts that Progressive "denied [his] claim with malice, no basis[,] and extreme bad faith" in violation of Virginia law. (Compl. ¶ 64.) In his brief in opposition to Progressive's motion to dismiss, Mazaiwana cites Va. Code §§ 38.2-510 and 38.2-517. Sections 38.2-510 and 38.2-517 fall under the Virginia Unfair Trade Practices Act, which "does not create a private cause of action." *Evans v. GEICO Gen. Ins. Co.*, No. 3:14cv659, 2015 WL 137269, at *8 (E.D. Va. Jan. 9, 2015). To the extent that Mazaiwana asserts a "bad faith" claim under § 38.2-209(A), that provision "does not create an independent cause of action for an insurer's bad faith in coverage disputes." *Saint John's African Methodist Episcopal Church v. GuideOne Specialty Mut. Ins. Co.*, 902 F. Supp. 2d 783, 786 (E.D. Va. 2012) (citing Va. Code § 38.2-209(A)).

the policy that he contends Progressive breached. Thus, the Court cannot discern whether a legally enforceable obligation exists or whether Progressive breached that obligation.

Nonetheless, to give Mazaiwana an opportunity to comply with the pleading standard, the Court will grant Mazaiwana leave to file an amended complaint as to Count One.[4] Accordingly, the Court will dismiss Count One without prejudice.

### B. Count Two: Disparate Impact

In Count Two, Mazaiwana appears to assert a disparate impact claim based on Progressive's practice to investigate all claims made under policies that are less than one year old.[5] Mazaiwana does not cite any state or federal law giving rise to a disparate impact claim based on the age of a car insurance policy. *Cf. Laber v. Harvey*, 438 F.3d 404, 413 n.2 (4th Cir. 2006) (noting that a court's "task is not to discern the unexpressed intent of the plaintiff, but what the words in the complaint mean"). Because Mazaiwana fails to support his disparate impact claim with any legal basis, the Court will dismiss Count Two with prejudice.

---

[4] Should Mazaiwana choose to file an amended complaint, he should cite to any relevant provisions of the policy he believes that Progressive breached by denying his claim. His amended complaint may not refer to or rely on any previous pleadings or filings in this case or other cases. Ideally, Mazaiwana should attach a copy of the insurance policy as an exhibit to his amended complaint. In the event he fails to do so, or is unable to do so, the Court orders Progressive to file a copy of the policy with its response.

[5] Mazaiwana styles Count Two as a "disparate treatment" claim. He alleges that Progressive "has a pattern of denying claims from minorities and immigrants" and that Progressive "disparately treat[s] new and older customers instead of equal customer treatment." (Compl. ¶¶ 66, 68). In his response to the motion to dismiss, he argues that Progressive's practice affects "poorer customers who are mostly minority and adversely impacted." (Dk. No. 12, ¶ 62). Essentially, Mazaiwana complains about a facially neutral practice that he says disproportionately affects minorities. Thus, the Court will construe Count Two as a disparate impact claim.

## C. Count Three: Discrimination

In Count Three, Mazaiwana asserts a discrimination claim based on "national origin and minority status." (Compl. at 7.) He points to two allegedly discriminatory actions by Progressive: (1) the denial of his claim, and (2) the agent's decision not to use an interpreter in Odeh's interview. As in Count Two, Mazaiwana does not identify any state or federal law to support his claim in Count Three.

First, Mazaiwana appears to argue that Progressive discriminated against him based on his race pursuant to 42 U.S.C. § 1981.[6] Section 1981 "protects the equal right of '[a]ll persons within the jurisdiction of the United States' to 'make and enforce contracts' without respect to race." *Domino's Pizza, Inc. v. McDonald*, 546 U.S. 470, 474-75 (2006) (quoting 42 U.S.C. § 1981(a)). To state a claim under § 1981, "a plaintiff must show that (1) he belongs to a racial minority group; (2) the defendant intended to discriminate against him based on his race; and (3) the discrimination relates to a contractual relationship covered under [§] 1981." *Hewlett v. Permanent Gen. Assurance Corp.*, No. 3:15cv553, 2016 WL 3919460, at *2 (E.D. Va. July 20, 2016).[7]

Mazaiwana does not plead facts showing that Progressive intended to discriminate against him based on his race. Mazaiwana asserts that Progressive "has a pattern of denying claims from minorities and immigrants as mentioned by several of [Mazaiwana's] acquaintances and

---

[6] Mazaiwana asserts that Progressive discriminated against him based on "national origin and minority status." (Compl. at 7.) Although Mazaiwana does not allege that he belongs to a racial minority, the Court assumes that his "minority status" allegation refers to his race. Section 1981, however, "does not provide protection for individuals discriminated against on the basis of national origin." *Duane v. Gov't Emps. Ins. Co.*, 784 F. Supp. 1209, 1216 (D. Md. 1992), *aff'd*, 37 F.3d 1036 (4th Cir. 1994).

[7] In his brief in opposition to Progressive's motion to dismiss, Mazaiwana cites Va. Code § 38.2-508, a provision of the Virginia Unfair Trade Practices Act. *See* Va. Code § 38.2-508. As the Court explained above, the Unfair Trade Practices Act does not create a private cause of action.

documented online cases and other law cases across the country," (compl. ¶ 68), and that Progressive "den[ies] claims based on national origin and minority status," (*id.* at 7). Mazaiwana's conclusory allegations do not plausibly demonstrate that Progressive denied his claim based on his race. *See Barksdale v. Nationwide Mut. Ins. Co.*, No. 4:06cv43, 2007 WL 200955, at *3 (W.D. Va. Jan. 23, 2007) (dismissing the plaintiff's § 1981 claim because the plaintiff "only stated cursory allegations that [her insurer] discriminated against her and intended to do so"). In other words, Mazaiwana's allegations "are nothing more than the sort of unadorned allegations of wrongdoing to which *Twombly* and *Iqbal* are directed." *Francis v. Giacomelli*, 588 F.3d 195-96 (4th Cir. 2009). Mazaiwana, therefore, fails to state a claim for race discrimination under § 1981.

Second, Mazaiwana asserts that Progressive "refused to use an interpreter for Jude Odeh[,] who cannot speak or understand English properly." (Compl. ¶ 67.) Mazaiwana contends that Progressive's conduct amounts to "national origin discrimination" against Odeh. (*Id.*) Mazaiwana, however, cannot litigate the rights of Odeh, a nonparty to this case. *See Guggenheimer Health & Rehab. Ctr. v. Cary*, No. 6:17-cv-79, 2018 WL 1830736, at *2 (W.D. Va. Apr. 17, 2018) ("The default rule in federal court is that one may litigate only his own rights and interests, not those of others."). Thus, to the extent that Mazaiwana asserts a discrimination claim on behalf of Odeh, Mazaiwana fails to state a claim.

In sum, Mazaiwana fails to plead sufficient facts to state a discrimination claim pursuant to § 1981 in Count Three. Accordingly, the Court will dismiss Count Three with prejudice.

## IV. <u>CONCLUSION</u>

Because Mazaiwana fails to state a claim for relief, the Court will grant Progressive's motion to dismiss. The Court will dismiss Count One without prejudice and will grant Mazaiwana

leave to file an amended complaint only as to Count One. The Court will dismiss Counts Two and Three with prejudice.

The Court will issue an appropriate Order.

Let the Clerk send a copy of this Opinion to all counsel of record and to the pro se plaintiff.

Date: 27 March 2020
Richmond, VA

/s/
John A. Gibney, Jr.
United States District Judge